THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-01312-DDD-SBP

COREY WILLIAMS,

    Plaintiff,

v.

STATE OF COLORADO, COLORADO CHILD SUPPORT ENFORCEMENT, and MATTHEW RYAN,

    Defendants.

**DEFENDANT RYAN'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Defendant Matthew Ryan ("Ryan") moves to dismiss the claims against him in Plaintiff's Second Amended Complaint ("Complaint") [Doc. 13] pursuant to Fed. R. Civ. P. 12(b)(1) and (6). In support, Ryan states as follows:

**CONFERRAL**

DDD Civ. P.S. III(D) 1 and D.C.COLO.LCivR 7.1 do not require conferral for a Rule 12(b) motion.

**BACKGROUND**

Plaintiff Corey Williams ("Williams") claims that the State of Colorado's suspension of his driver's license for nonpayment of child support was unconstitutional. [*See* Doc. 13 at 4-5.] Colorado child support orders can be established judicially or through administrative process actions. In either circumstance, child support is calculated using a standard child support guideline worksheet and statutory standards. C.R.S. § 14-10-115. Judicial child support orders

1

are established when the court approves a child support worksheet and corresponding child support order. *Id.* This can occur after stipulation of the parties or a court hearing where evidence is accepted and considered.

Child support orders can also be issued through administrative process actions ("APA") with the assistance of the Division of Child Support Services. C.R.S. § 26-13.5-107. A child support order is established administratively after proper service of the APA and an opportunity to attend a negotiation conference. C.R.S. § 26-13.5-105. Once a stipulation is reached or default order is issued, a copy of the order is filed with the appropriate local district court, and the court adopts the order as required. *Id.* A party to the APA may request that child support be established judicially rather than administratively. C.R.S. § 26-13.5-119.

Child support orders issued judicially or administratively are subject to modification upon findings that a substantial and continuing change of circumstances exists. C.R.S. §§ 26-13.5-112; 14-10-122. Orders issued judicially remain under the jurisdiction of the issuing court. Orders issued administratively may be modified administratively or upon request through judicial process in the court where the orders were filed. C.R.S. § 26-13.5-112

The state child support enforcement agency is required to provide written notice of noncompliance to an obligor who has failed to comply with the terms of a child support order. C.R.S. § 26-13-123. The notice informs the obligor of their failure to comply with payment obligations. *Id.* "Upon receipt of the notice of failure to comply from the state child support enforcement agency, the department of revenue shall suspend the obligor's driver's license pursuant to section 42-2-127.5, C.R.S." *Id.*

Prior to license suspension and within thirty days after the date of the notice of noncompliance, an obligor may request in writing that the local child support services ("CSS")

office conduct an administrative review regarding the license suspension. C.R.S. § 26-13-123(3)(c)(I). If the obligor disagrees with the local CSS' decision, then they may request an administrative review from the state child support enforcement agency. C.R.S. § 26-13-123(3)(c)(II). The state's decision is considered a final agency action and is subject to judicial review. C.R.S. §§ 24-4-106; 26-13-123. If an obligor wishes to contest the final agency action in court, they may commence an action for "judicial review in the district court within thirty-five days" after the agency action is effective. C.R.S. § 24-4-106(4).

After an obligor's license is suspended, an obligor may have his license reinstated once they comply with the child support order or approved payment plan and CSS provides the Department of Revenue with notice of that compliance. C.R.S. § 26-13-123(5)(c). Additionally, even if an obligor's license is actively suspended due to unpaid child support, the Department of Revenue may issue a probationary license that authorizes the obligor to travel to and from their place of employment. C.R.S. § 42-2-127.5(4).

The only claim applicable to Defendant Ryan is Williams' third claim for relief. Specifically, Williams alleges that he was under an obligation to pay support and that he made "an agreement with Matthew Ryan"[1] to pay $12,000 via tax offset and that Ryan would allegedly "forgive the remaining balance of back support . . . ." [Doc. 13 at 8.] Williams further alleges that Ryan "failed to proceed with the forgiveness application" and therefore allowed Williams' license to be suspended. [*Id.* at 7.] As discussed below, this Court should dismiss the claims against Ryan on several grounds.

---

[1] Williams claims Ryan was acting under color of law but does not otherwise identify his governmental title or role, including the agency he works for.

3

**STANDARDS OF REVIEW**

Dismissal pursuant to Rule 12(b)(1) is appropriate if the Court lacks subject matter jurisdiction over claims for relief asserted in the complaint. *See* Fed. R. Civ. P. 12(b)(1). When "a party's Rule 12(b)(1) motion challenges the facts upon which subject matter jurisdiction depends, 'a district court may not presume the truthfulness of the complaint's factual allegations. . . [and] has wide discretion to allow affidavits, other documents . . . to resolve disputed jurisdictional facts under Rule 12(b)(1).'" *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1324 (10th Cir. 2002) (citing *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995)). Reference to evidence outside the pleadings does not convert the motion to dismiss into a motion for summary judgment. *Holt*, 46 F.3d at 1003. Plaintiff has "[t]he burden of establishing subject matter jurisdiction" because he is "the party asserting jurisdiction." *Port City Props. v. Union Pac. R.R.*, 518 F.3d 1186, 1189 (10th Cir. 2008).

Under Rule 12(b)(6), the Court may dismiss a complaint if it fails to "state a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). A complaint must contain sufficient facts to allow the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citing *Twombly*, 550 U.S. at 555, 557). Even if a court decides that the factual allegations are

4

entitled to an assumption of truth, the facts must also "plausibly suggest an entitlement to relief." *Id.* at 681.

## ARGUMENT

I. **The Court lacks jurisdiction under the *Rooker-Feldman* doctrine because Williams' claim against Ryan is intertwined with a state court child support judgment.**

Under the *Rooker-Feldman* doctrine, federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims complaining of injuries caused by state-court judgments. *Campbell v. City of Spencer*, 682 F.3d 1278, 1283 (10th Cir. 2012) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Thus, the losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994).

Under the *Rooker-Feldman* doctrine, a district court cannot entertain constitutional claims attacking a state-court judgment, even if the state court did not pass directly on those claims, when the constitutional attack is "inextricably intertwined with the state court's judgment." *Mann v. Boatright*, 477 F.3d 1140, 1147 (10th Cir. 2007) (quotations omitted). The sparce allegations against Ryan indicate that he was working in a governmental capacity to enforce a child support order issued by a state court or agency. Accordingly, any review of Ryan's actions would inevitably require this Court to decide child support issues that are inextricably intertwined with the state court judgment. Courts examining similar claims have dismissed them under the *Rooker-Feldman* doctrine. *See Richardson v. Title IV-D Agency*, Civil Action No. 19-cv-01984-RM-NRN, 2020 U.S. Dist. LEXIS 34654 (D. Colo. Jan. 16, 2020);

5

*Fikrou v. Montgomery Cnty. Office of Child Support Enf't Div.*, Case No. 2:15-cv-01297-GMN-NJK, 2015 U.S. Dist. LEXIS 146178 (D. Nev. Oct. 28, 2015); *Brown v. Coffin*, 766 F. App'x 929, 932 (11th Cir. 2019) (unpublished). Thus, this Court should dismiss the claims against Ryan for lack of subject matter jurisdiction.

    **II.**    **Williams failed to state a procedural due process claim against Ryan because the revocation of Williams' license involved constitutionally adequate procedures.**

    A.  *Elements of a procedural due process claim.*

To state a § 1983 procedural due process claim, the plaintiff must allege: (1) the deprivation of (2) a constitutionally cognizable liberty or property interest, (3) without adequate due process procedures. *Yussuf Awadir Abdi v. Wray*, 942 F.3d 1019, 1031 (10th Cir. 2019).

    B.  *Elements Plaintiff failed to allege.*

Williams failed to allege facts establishing the third element of a procedural due process claim.

    C.  *Argument*

The only property interest alleged by Williams is his state driver's license. To state a procedural due process claim involving the deprivation of his driver's license, Williams must allege facts demonstrating that the deprivation occurred without constitutionally adequate procedures. In cases involving deprivation of property, no due process violation occurs when a state employee negligently or intentionally deprives an individual of property as long as the state "makes available a meaningful" post deprivation remedy. "[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

As further detailed above, Colorado law allows an obligor to request an administrative review regarding the license suspension, appeal the result of that review, and ultimately request judicial review. *See* C.R.S. §§ 26-13-123(3)(c); 24-4-106; 26-13-123. Thus, adequate procedural protections related to license revocations are provided by Colorado law. Williams' allegation that Ryan failed to forgive Williams' debt (and presumably initiate a return of Williams' license) does nothing to diminish the available state law protections. Furthermore, Williams fails to point to any provision of Colorado law that would have allowed Ryan to forgive a portion of Williams' child support debt. Thus, Williams' claim against Ryan should be dismissed for failure to state a claim.

### III.   Ryan is entitled to qualified immunity.

Ryan is entitled to qualified immunity because Williams failed to establish that, in allegedly failing to forgive a portion of Williams' child support debt, he violated clearly established law. "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan,* 555 U.S. 223, 231 (2009) (quotations omitted). When a defendant asserts qualified immunity as an affirmative defense, the plaintiff must establish (1) that the defendant violated a constitutional right, and (2) that the constitutional right was "clearly established" at the time of the alleged misconduct. *Bowling v. Rector*, 584 F.3d 956, 964 (10th Cir. 2009). A clearly established law "must be particularized to the facts of the case." *White v. Pauly,* 580 U.S. 73, 79 (2017) (quotations omitted). The law is clearly established when a Supreme Court or Tenth Circuit decision is on point, or if the clearly established weight of authority from other courts shows that

7

the right must be as plaintiff maintains. *Mimics, Inc. v. Vill. of Angel Fire,* 394 F.3d 836, 842 (10th Cir. 2005).

Ryan is entitled to qualified immunity because Williams failed to allege facts proving he can overcome either element of qualified immunity. First, as further detailed in section II above, Williams failed to establish a constitutional violation by Ryan. Second, Williams failed to allege facts showing that Ryan violated clearly established law. No Supreme Court or Tenth Circuit decision establishes that a government official violates clearly established rights when he refuses to forgive a portion of child support payment debt. *See, e.g. Laurienti v. Bicha,* Civil Action No. 14-cv-02592-NYW, 2016 U.S. Dist. LEXIS 15651, at *34 (D. Colo. Feb. 9, 2016) (extending qualified immunity to individual defendants for claims arising out of garnishments for child support) (unpublished). Thus, Ryan is entitled to qualified immunity.

## CONCLUSION

Wherefore, Defendant Ryan respectfully requests that the Court dismiss all claims against him.

Dated: January 9, 2024.

Respectfully submitted,

BOULDER COUNTY ATTORNEY

By: */s/ David Hughes*
    David Hughes
    Deputy County Attorney
    P.O. Box 471
    Boulder, CO 80306
    (303) 441-3190
    dhughes@bouldercounty.org
    *Counsel for Defendant Matthew Ryan*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing motion complies with the type-volume limitation set forth in Judge Domenico's Civil Practice Standard III.A.1.

*/s/ David Hughes*
David Hughes

9

## CERTIFICATE OF SERVICE

      I hereby certify that on January 9, 2024, I electronically filed the foregoing **DEFENDANT RYAN'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**, and that a true and correct copy was served upon all parties via the U.S. District Court electronic filing service and/or U.S. Mail and E-Mail, postage prepaid, together with a copy of the notice of electronic filing addressed as follows:

*Pro Se Plaintiff*

Corey Williams
2535 Road 218
Cheyenne, WY 82009
Email: wydp07@gmail.com

*Attorneys for Defendants State of Colorado*
*and Colorado Child Support Enforcement*

Amy Colony, No. 36124
Assistant Attorney General
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 6th Floor
Denver, CO 80203
Email: Amy.Colony@coag.gov

Jennifer Ewa, No. 49798
Assistant Attorney General
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 6th Floor
Denver, CO 80203
Email: Jennifer.Ewa@coag.gov

                                                                      */s/ David Hughes*